# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 13-226 |
| vs. ) | |
| ) | |
| ARNOLD MCCELLEN FRIEND ) | |
| Defendant ) | |
| ) | Type of Pleading: |
| ) | |
| ) | **SENTENCING MEMORANDUM** |
| ) | |
| ) | Filed on behalf of: |
| ) | |
| ) | ARNOLD MCCELLEN FRIEND |
| ) | DEFENDANT |
| ) | |
| ) | Counsel of Record for this Party: |
| ) | |
| ) | BRIAN D. ASTON, ESQUIRE |
| ) | PA I.D. # 73267 |
| ) | 140 South Main Street, Suite 301 |
| ) | Greensburg, PA  15601 |
| ) | Phone: 724-205-6614 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )  Criminal No. 13-226 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| ARNOLD MCCELLEN FRIEND | )  ELECTRONICALLY FILED |
| Defendant. | ) |

## SENTENCING MEMORANDUM

AND NOW, comes the Defendant, Arnold McCellen Friend, by and through his counsel, Brian D. Aston, Esquire, and files the following Sentencing Memorandum and in support thereof avers the following:

## INTRODUCTION

The Defendant, Arnold McCellen Friend, is a 63 year old individual currently residing at 9865 South East 166 Place- 8L, Summerfield, Florida 34491, with his wife, Carol Friend. The Defendant had moved to the state of Florida to be closer to his son and daughter. His son, not long after the Defendant's arrival in Florida, moved back to the Commonwealth of Pennsylvania and has been residing in the Fayette County area. The Defendant, Arnold McCellen Friend, remained in the Florida area and soon after his daughter became incarcerated for a period of time. During her incarceration, the Defendant had custody of his granddaughter, Elizabeth Hodgson, now age 7, for the years 2010, 2011 and 2012.

Mr. Friend remained at his residence with his wife and his granddaughter while receiving his social security benefits, his wife's stipend from social security and food stamps. When Mr. Friend obtained custody of his granddaughter he noted that her dental hygiene was deplorable

and she was in desperate need of dental care. The grandchild required several extractions due to the lack of proper dental hygiene. Additionally, she was having difficulties with her vision as a result of a condition involving one of her eyes. Mr. Friend obtained the dental and ophthalmological care that was necessary for his granddaughter, however, he did not have the funds to do so. It was the need to obtain the necessary funds to care for his granddaughter that lead Mr. Friend to become involved in the drug transactions that placed him before this Honorable Court.

Mr. Friend was obtaining prescriptions of pain medication for himself for treatment as a result of a truck accident that required him to retire on a disability status. Instead of taking the prescriptions, Mr. Friend began shipping them to his son, who had indicated that he could sell them and obtain funds for the scripts. Mr. Friend continued obtaining prescriptions for pain medication due to his injuries, however, he continued to provide them to his son who would in turn pay him for the prescriptions. Mr. Friend would endure the pain in order to obtain the funds necessary to care for his granddaughter while her mother was incarcerated.

Mr. Friend's daughter has since been released from incarceration and currently has custody of the minor child. However, Mr. Friend picks her up every day before school when the mother goes to work and assures that she gets to school in a timely manner. He then retrieves her from school and takes her to his residence where he assists her with homework and provides her with an evening meal. The minor child remains at their residence until approximately 7:00 p.m. at which time she will either go with her natural father or she will remain there until 9:00 p.m. when her mother will pick her up.

## PROPER CALCULATION OF SENTENCING GUIDELINES

"A District Court should begin all sentencing proceedings by correctly calculating the

applicable guideline range." See Gall v. United States, 552 U.S. 38 (2007). See also Rita v. United States, 551 U.S. 338 (2007). The total offense level in the instant matter as calculated by Ms. Tracy DeMartino of the United States Probation Office for the Western District of Pennsylvania is a total offense level of 27. Mr. Friend does not challenge this total offense level as calculated utilizing the United States Sentencing Guidelines. The Defendant, Arnold McCellen Friend has no prior record and, therefore, his criminal history category is a 1. Utilizing the United States Sentencing Guidelines, Chapter 5, Part A, with a total offense level of 27 and a criminal history category of 1, the guideline range for imprisonment is 70-87 months.

## FACTORS TO BE CONSIDERED IMPOSING A SENTENCE UNDER 18 U.S.C. §3553 18 U.S.C. § 3553(a)(1), THE NATURE AND CIRCUMSTANCE OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.

The decision to depart downward rests firmly within the discretion of the Sentencing Judge and is not reviewable by an Appellate Court, except in circumstances where a court refuses to depart downward under the belief that they lacked the authority to do so. United States v. Gaskill, 991 F. 2d 82 (3rd Cir. 1993). See also United States v. Higgins, 967 F. 2d 841 (3rd Cir. 1992). 18 U.S.C. §3553 (b) provides that "a sentencing court may depart from the ranges established by the sentencing guideline when a Judge finds 'an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guidelines'." United States v. Gaskill, 991 F. 2d 82 (3rd Cir. 1993).

The Third Circuit Court of Appeals held that the granting of a downward departure from the sentencing guideline range based upon an individual's family circumstances is permissible. United States v. Gaskill, 991 F. 2d 82 (3rd Cir. 1993). United States v. Dominguez, 296 F.3d 192 (3rd Cir. 2002). The Third Circuit Court of Appeals has also held that "the only relief from the

guideline formulaic rigidity is the ability of the sentencing court to take into account the circumstances particular to the case before it". Mr. Friend argues to this court that there are valid reasons under this subsection to grant him a downward departure.

"The goal of the Sentencing Guidelines is, of course, to reduce unjustified disparities and so reach toward the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice. In this respect, the Guidelines provide uniformity, predictability, and a degree of detachment lacking in our earlier system." Koon v. United States, 116 S.Ct. 2035, 2054 (1996) Mr. Friend respectfully requests this Honorable Court to consider a variance from the final sentencing guideline calculations based on the factors set forth in 18 U.S.C. § 3553(a). Section 3553(a)(1) provides that a Court should consider, "the nature and circumstances of the offense and the history and characteristics of the defendant".

Mr. Friend asks this Court to review his family situation as a reason to grant a variance. Mr. Friend concedes that a downward departure for family reasons is only proper in "unusual or extraordinary circumstances" which places it "outside the heartland" of the guidelines. United States v. Dominguez, 296 F.3d 192 (3rd. Cir. 2002) He argues that his situation places him outside the "heartland" of the Sentencing Guidelines and therefore he is entitled to a departure.

The family situation of Mr. Friend is outside the "heartland" of the guidelines because of the precarious situation his family finds itself. Mr. Friend's family is supported by the Social Security Income he receives along with the stipend received by his wife that is derived from his claim. The two incomes combined barely cover the living expenses of the household. If Mr. Friend were to be incarcerated, his social security would be lost and Mrs. Friend would only receive the stipend. The amount of her stipend is insufficient to cover even the rent for their home. This would result in Mrs. Friend losing her home and additionally, the loss of their ability

to care for their granddaughter.

Incarceration in the instant case would be excessive and an unnecessary hardship upon the family. Mr. Friend and his wife live a meager existence and rely upon each other to pay the bills and maintain their household. Mrs. Friend will be unable to maintain the household without Mr. Friend. This will lead to the displacement of her and their granddaughter losing the only stable residence she has known. Mr. Friend has been able to demonstrate his ability to conform his behavior to the law and carry through with the responsibilities of supporting a family. Through his efforts over the past several years, Mr. Friend has made a difference in the life of his granddaughter and incarceration will return her to a life of uncertainty and poverty.

Another factor Mr. Friend asks the Court to consider is that he is not a danger to society. He is of advanced age, in failing health and unlikely to reoffend. Although the circumstance which caused his involvement in this matter persists, caring for his granddaughter, he understands that reoffending will result in losing his freedom and complete devastation for his family. Since his indictment, Mr. Friend has demonstrated his ability to conform his behavior with the law and be a productive member of society by assisting in the rearing of his granddaughter.

Mr. Friend respectfully requests this Honorable Court considers all of the factors related to his sentencing and impose a period of home confinement in-lieu of incarceration.

Respectfully submitted,
/s/ Brian D. Aston
BRIAN D. ASTON, ESQUIRE
140 South Main Street, Suite 301
Greensburg, PA 15601
(724) 205-6614
bda@bastonlaw.com
PA Attorney ID # 73267