# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-226 |
| | ) | |
| ARNOLD MCCELLEN FRIEND | ) | |

## ORDER

Defendant Arnold McClellan Friend has filed a pro se Motion for Early Termination of Supervised Release (ECF No. 170), in which he requests early termination of his supervised release, and the government has filed a response opposing the motion (ECF No. 173).

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court is satisfied that such action is warranted by the conduct of the defendant and the interests of justice. 18 U.S.C. § 3583(e)(1). In making this determination the Court must consider the factors set forth in 18 U.S.C. § 3553(a), which are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing

Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

Mr. Friend argues that early termination of his supervised release is warranted based on the fact that he has successfully served 21 months of his 36-month term of supervised release. He further notes that he at age 67, and with no prior criminal conduct other than his offense of conviction, he is a low risk to re-offend. Mr. Friend explains that he is retired and derives his income from Social Security. He has no housing, medical, occupational, or rehabilitative needs. He explains that he spends significant time providing care for his 11-year old granddaughter. Finally, he has supportive relationships with his two children.

The government contacted United States Probation Officer supervising Mr. Friend, who informed the government that Mr. Friend has been compliant with the terms of his supervision; has completed all special conditions of supervision; was evaluated for substance abuse treatment with a recommendation of no further treatment; has paid his special assessment; and has had no violation during his term of supervision. The Probation Officer reiterated to the Court that Mr. Friend has remained compliant with his supervision conditions, and stated that the Probation Office does not oppose early termination of Mr. Friend's supervised release.

The government argues that although Mr. Friend is making commendable progress in leading a law-abiding life, his compliance with the terms of his supervision is expected, not

exceptional. Therefore, the government argues that early termination is not warranted in this case because Mr. Friend has offered no reason to show that the original term of supervision of 36 months is not appropriate in this case.

Our standard for evaluating whether early termination is warranted is broad: we are to determine whether the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. In this case, we also have a Probation Officer who has supervised Mr. Friend, and who does not object to the early termination of supervision. The Officer obviously agrees that Mr. Friend's term of supervision thus far has been successful. It is also significant that Mr. Friend has a stable Social Security income, home, and supportive family relationships.

While there is no evidence that requiring Mr. Friend to comply with the conditions of supervision is either too harsh or inappropriately tailored to serve general punishment goals, the government's general objection to early termination in this case does not outweigh the fact that the supervising Probation Officer agrees that early termination in this case is warranted. After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), and Mr. Friend's conduct while on supervision, we find that it is in the interest of justice to terminate his supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 20th day of February, 2019, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Early Termination of Supervised Release be and hereby is GRANTED.

_____
Marilyn J. Horan
United States District Court Judge